UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS EUGENE MARKHAM,

        Plaintiff,         Case No. 1:07-cv-296

v.         Honorable Gordon J. Quist

JENNIFER GRANHOLM et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is incarcerated in the Deerfield Correctional Facility. He pleaded nolo contendere in the Kalamazoo County Circuit Court of first-degree home invasion and third-degree criminal sexual conduct (CSC). The trial court sentenced him on September 16, 1996 to concurrent prison terms of six to thirty years for the home invasion conviction and six to twenty-two-and-a-half years for the CSC conviction. Plaintiff's complaint concerns the denial of his parole. Since 2002, Plaintiff has been denied parole six times, most recently on January 9, 2007. He sues Governor Jennifer Granholm, Michigan Department of Corrections Director Patricia Caruso, Regional Prison Administrator Ray Wolfe, Michigan Parole Board Chairman John Rubitschun and the following members of the Michigan Parole Board: Miguel Berrios, Charles Braddock, Stephen DeBoer, George Lellis, Marianne Samper, Barbara Sampson and William A. Slaughter.

Plaintiff's fifty-eight page complaint is composed of rambling legalese. The following passage, quoted verbatim, is representative of the allegations set forth in the complaint:

> Defendant(s), as Employees and as Agent(s) of Michigan; and Michigan Department of Corrections, hereinafter (M.D.O.C.) Acted in concert **BOTH** "JOINTLY and "SEVERALLY" in Conspiracy to Cause an **ACTUAL INJURY** to Plaintiff, THADDEUS EUGENE MARKHAM, when by custom, pattern and practice, by their own accord, as Agent and or Officer, in manifest authority, did in fact cause **Instant Injuries**, in violation of Plaintiff's Constitutional Right(s), by engaging in pattern and practice of selectively manipulating, by Select Misinterpretation, of Precise and Unambiguous Federal and State Statutes, and Founded Procedure <u>Legislatively enacted</u> to prevent such injury of Equal Protection of Law, for failing in enforcement of act(s) known to be enforced by Defendant(s) which would have in effect rendered Plaintiff's term of Imprisonment extended by **Proximate Cause** which obstructs the Due Course of Justice <u>with the intent to deny</u> Equal Protection, sustains this Federal Cause of Action for Damage(s) against 'Conspiracies' which <u>Deter by force</u>, intimidation, or threat to a party or witness in Federal Court, therefore Motion is alleged by the claim of **Unlawful Enrichment** below. By 'Conspiracy' of Defendant(s') action(s), Plaintiff has suffered extreme prejudice to his Constitutional

> Right to the Pursuit of Life, Liberty, or Property, without Due Process of Law, and the infliction of Cruel and Unusual Punishment by Defendant(s') action(s), gives rise to **Instant Action** under the Protections of the Constitution, to Redress Government, in Grievance. **U.S.C.A. 1, 5, 8, 14 Amends**.

(Compl., 11-12.) While his claims are difficult to discern, Plaintiff appears to claim that he was denied fair and impartial parole hearings in violation of his Fourteenth Amendment right to due process. He also asserts violations of his Equal Protection rights, Eighth Amendment right against cruel and unusual punishment, and his right against Double Jeopardy. In addition, Plaintiff alleges violations of Racketeer Influenced and Corrupt Organizations Act (RICO), the Institutionalized Persons Act and Michigan state law. For relief, Plaintiff seeks "immediate release" from prison and monetary damages for his illegal incarceration and severe emotional distress.

## II. Failure to state a claim

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner

for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.

In this case, Plaintiff seeks "immediate release" from prison; therefore, his action is *Heck*-barred. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous). Even if Plaintiff's action were properly before the Court, it fails to state a claim as set forth below.[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

---

[1] Members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole because that task is functionally comparable to that of a judge. *Horton v. Martin*, No. 04-1142, 2005 WL 1384306, at *2 (6th Cir. June 7, 2005); *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994). The actions for which Plaintiff complains were taken by Defendants Rubitschun, Berrios, Braddock, DeBoer, Lellis, Samper, Sampson and Slaughter in their quasi-judicial function of deciding whether to grant or deny Plaintiff's parole; therefore, they are immune from Plaintiff's claims for monetary damages.

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Due Process**

Plaintiff alleges that he was denied parole in violation of his due process rights. Plaintiff's claim is without merit because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817,

2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).  Accordingly, Plaintiff has no liberty interest at stake.  Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

B.     **Other Federal Claims**

Plaintiff also asserts violations of his Equal Protection rights, Eighth Amendment right against cruel and unusual punishment, and his right against Double Jeopardy.  In addition, Plaintiff claims that Defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO) and the "Institutionalized Persons Act."  These claims warrant little discussion as Plaintiff fails to provide any factual allegations whatsoever in support of his claims.  Because the Court is unable to discern any factual basis for his claims, they will be dismissed for failure to state a claim.

C.  **State Law Claims**

In addition to his federal claims, Plaintiff alleges numerous violations of state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated: May 15, 2007            /s/ Hugh W. Brenneman, Jr.
                               Hugh W. Brenneman, Jr.
                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).